UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOEL ARNOLDO PENA, individually and on behalf of all other persons similarly situated who were employed by DISCOVER CONSTRUCTION, LLC and/or any other entities affiliated with, controlling, or controlled by DISCOVER CONSTRUCTION, LLC, and JOHNNY SALVADOR, Individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>DISCOVER CONSTRUCTION, LLC and/or any other entities affiliated with, controlling, or controlled by DISCOVER CONSTRUCTION, LLC, and JOHNNY SALVADOR, Individually,<br><br>    Defendants. | Civil Action No.: 3:21-cv-18462<br><br>**FINAL ORDER APPROVING SETTLEMENT** |

This matter having come before the Court on May 24, 2024, upon Plaintiffs' unopposed Motion for Final Approval of the Rule 23 Class and FLSA Collective Action Settlement and final certification of FLSA Collective for Settlement Purposes, as well as Plaintiffs' unopposed motion for attorneys' fees and costs and approval of a service award to Named Plaintiff and, and upon review and considerations of the Stipulation and Settlement and Release Agreement ("Agreement") filed with the Court on October 21, 2023 [DE. 74], the evidence and arguments of counsel presented at the Court's Final Fairness Hearing, and the submissions filed with this Court, and for the reasons set forth on the record during the June 27, 2024 Final Fairness Hearing,

*RLS*

**IT IS HEREBY ORDERED** and adjudged as follows:

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action as reflected in the terms of the Agreement, except as modified herein, is hereby finally approved as fair, reasonable and adequate settlement of this action in light of the factual legal, practical and procedural considerations raised by this action. The Agreement, except as otherwise modified herein, is hereby incorporated by reference into this Final Order and Judgment approving settlement, certifying the settlement class, certifying the FLSA collective, awarding attorneys' fees and costs, awarding service awards to named plaintiffs and dismissing the action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as the Agreement.

## **FINAL ORDER AND JUDGMENT**

On or about October 12, 2021, Named Plaintiff Joel Arnoldo Pena ("Named Plaintiff") commenced the above-captioned class action lawsuit (the "Lawsuit") against Defendants Discover Construction, LLC and Johnny Salvador. (Discover Construction, LLC, and Johnny Salvador are collectively referred to as "Defendants") [DE1].

Named Plaintiff commenced this Lawsuit against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b) and New Jersey Statutes §§34:11-56a4 *et seq.*, and §§34:11-56.25, *et. seq.*, to recover unpaid overtime compensation and unpaid prevailing wages allegedly owed to Named Plaintiff and all similarly-situated persons employed by Defendants in the concrete labor industry ("Plaintiffs"). Shortly after the Complaint in this matter was filed, two additional Plaintiffs, Miguel Torres and Gomes Maximiano ("Class Representatives") filed their Consents to Join this Lawsuit. Throughout the litigation, like Named Plaintiff, the Class Representatives have been instrumental in providing assistance in the prosecution of this matter.

Defendants denied any and all liability alleged in the Lawsuit.

On June 9, 2022, Plaintiffs filed a Motion for Conditional Certification of a Class, pursuant to 29 U.S.C. § 216(b) [DE 19], Plaintiffs having drafted and filed their Motion, Defendants drafting and filing an opposition to the Motion [DE 20], and Plaintiff filed a Reply to Defendants' Opposition [DE 22]. The conditional certification motion was ultimately terminated by Judge Wolfson after the parties expressed a desire to attempt settlement negotiations. After conducting discovery and attending a Zoom Settlement Conference before the Honorable Magistrate Judge Singh, in or about December 2022, Magistrate Rukhsanah L. Singh stayed formal discovery and administratively terminated the action so that the parties could further exchange discovery and attend a private mediation in an attempt to resolve the matter.

Following an extensive exchange of documents, which included production by Defendants of approximately 7000 pages of records, innumerable witness interviews and OPRA requests, as well as reconciliation of the records, arms-length negotiations, Plaintiffs and Defendants attended a mediation with an experienced mediator, Martin Scheinman, held on June 15, 2023. Plaintiffs and Defendants ("Parties") ultimately entered a settlement after a lengthy mediation, memorializing the terms of same in a Term Sheet. At the mediation, in addition to a release of the named Defendants, Plaintiffs also agreed to release Omega Construction, LLC, Omega Group, LLC, and Omega Road Builders, LLC.

On October 24, 2023, the parties filed a Joint Motion for Preliminary Approval of Class and Collective Action Settlement and Memorandum in Support thereof, as well as the Stipulation and Settlement and Release Agreement, a proposed Notice of Class and Collective Action Settlement and Consent to Join Lawsuit, for the Court's Preliminary Approval. [DE74].

On January 30, 2024, after consideration of the papers submitted by the parties in support of preliminary approval, the Court entered an Order of Preliminary Approval of the Class Action Settlement [DE 79].

On May 14, 2024, the Parties submitted their unopposed motion for final approval of the class and collective action settlement, approval of attorneys' fees and costs and service as well as awards to the Named Plaintiff and Class Representatives.

On May 21, 2024, at 10:00 a.m. EST, a fairness hearing was held pursuant to Rule 23 to determine whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The parties now request final certification of the FLSA collective action pursuant to 29 U.S.C. § 216(b) ("FLSA Collective") and settlement class under Rule 23 and final approval of the proposed class action settlement (collectively referred to as "Class Members").

The Court has read and considered the Agreement and papers submitted in support of final approval, and finds as follows:

1. This Court has jurisdiction over the subject matter of the lawsuit and over all settling parties hereto.

2. Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. Pro., Rule 23, the Lawsuit is hereby certified as a class and collective action on behalf of all individuals who worked for Defendants as concrete laborers, yard workers, drivers and mechanics in New Jersey from October 12, 2015, through October 12, 2022 (the "Covered Period"), and submitted timely consent to join forms with the Court.

3. The Court finds that the FLSA Collective members are similarly situated in that they all worked for Defendants, were all subject to the same pay practices, and all seek the same relief, unpaid overtime compensation.

4.  The approved class action settlement notices were mailed to Class Members in conformity with this Court's preliminary approval order, satisfying the requirements of Rule 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances.

5.  The Court finds that the notice was clearly designed to advise the Class Members of their rights.

6.  The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strengths and weaknesses of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for the class.

7.  The Agreement shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof. The material terms of the Agreement include, but are not limited to, the following:

    i.  The maximum amount that Defendants shall be responsible for contributing for the payment of all claims, inclusive of professional fees, costs, settlement claims administrator costs, and service awards to the Named Plaintiff and Class Representatives shall not exceed the cumulative amount of $1,200,000.00 as further set forth in this Agreement, and subject to Defendants' termination rights.

    ii. The settlement payment to any Qualified Class Member, will be allocated as 100 % wages for damages for tax purposes, subject to any applicable payroll taxes and deductions. as defined in Section III.D.6).

    iii. An IRS 1099 Form shall issue for all service awards.

8.  Class Counsel shall be awarded attorneys' fees and costs in the amount of

$400,975.00.

9. For services rendered on behalf of the Lawsuit and Class, Named Plaintiff Joel Arnoldo Pena shall be awarded $15,000.00, Class Representative Miguel Torres ("Torres") shall be awarded $15,000.00, and Class Representative Gomes Maximiano ("Maximiano") shall be awarded $45,000.00. These service awards are inclusive of any settlement amounts that the Named Plaintiff and Class Representatives Torres and Maximiano are eligible to receive pursuant to the Agreement as members of the Rule 23 Class and FLSA Collective.

10. This Litigation is being settled on a "claims made" basis, which means that in order to receive a settlement payment, all Class Members must affirmatively opt-in to the Litigation within the time period proscribed in the Agreement. No Class Member shall be entitled to receive any settlement payment unless they submit a timely "opt-in" form. To be timely, the Consent to Join Form must be postmarked via U.S. Mail, or be transmitted electronically via facsimile or e-mail, to the Claims Administrator on or before sixty (60) days after the date the Notice Packets were mailed out (the "Claims Deadline").

11. The Claims Administrator shall receive payment from the Gross Settlement Fund; provided, however, that such payment shall not exceed Twenty-Five Thousand Dollars and Zero Cents ($25,000.00).

12. Within Seven (7) days of the Final Approval, the Claims Administrator shall pay Two Hundred Thousand and Zero Cents ($200,000.00) to Qualified Class Members who submit timely opt-in forms via First Class U.S. Mail at their calculated amounts. Prior to issuing any payment, Class Members shall be required to provide the Claim Administrator a fully completed and executed W-2 form together with a valid form of government issued identification. The remaining amounts owed to any Qualified Class

members shall be paid on a monthly basis until such amount has been fully satisfied and provided that Qualified Class Members timely opt into the Action. The failure to submit a timely opt-in form shall be deemed a complete bar to any future claim as set forth in the Settlement Agreement.

13. Within Seven (7) days of the Final Approval, the Claims Administrator shall pay via wire Two Hundred Thousand Dollars and Zero Cents ($200,000.00) to a Jaffe Glenn Law Group, P.A. bank account as designated by Jaffe Glenn Law Group, P.A. The remaining attorneys' fees and costs owed under this agreement shall be paid monthly until the total amount has been fully satisfied. The amounts owing to the Qualified Class Members and the Attorneys' Fees and costs shall be paid at a proportional rate.

14. In the event that the $500,000.00 that has already been funded is not sufficient to cover all funds as set forth in Paragraph III(B)(1). Defendants shall deposit Fifty Thousand Dollars and Zero Cents ($50,000.00) every thirty (30) days thereafter into the escrow account held by the third-party administrator not to exceed Seven Hundred Seventy Five Hundred Thousand Dollars and Zero Cents ($775,000.00) under any circumstances, including the Reserve Funds, through the date that the amount of the Gross Settlement Fund has been met, or until such time as this Court grants Final approval.

15. Any funds remaining in the Qualified Settlement Fund after payment to: (1) Plaintiffs and all Qualified Class Members who timely negotiate their settlement checks; (2) all attorneys' fees, costs, reserve funds, litigation expenses approved by the Court; (3) all costs incurred by SSI Settlement Services, Inc.; and, (4) all costs in connection with the Settlement Fund, shall revert back to Defendants and must be returned to Defendants by the Claims Administrator within ten (10) business days. The Reserve Fund shall remain in escrow for six (6)

months from the date of the first payment made to any claimant or the Jaffe Glenn Group, whichever occurs first, with any unallocated portion to revert back to Defendants thereafter.

16. The Class Members were given an opportunity to object to or opt-out of the settlement. No Class Members objected or opted-out to the Settlement.

17. This order is binding on all Rule 23 Class Members.

18. The Named Plaintiff, Rule 23 Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually, as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

19. This Lawsuit is hereby dismissed without prejudice against Defendants pending full payment of the Final Settlement Amount. Upon the full payment of the Final Settlement Amount, all Released Class Claims shall be dismissed against Defendants with prejudice in accordance with the terms and conditions of the Agreement.

20. This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

21. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement and consummation of the settlement and this order.

SO ORDERED:   THIS 27th DAY OF June   2024

Hon. Rukhsanah L. Singh, U.S.M.J.

\* The Clerk of Court shall TERMINATE the Motion pending at Docket Entry No. 84 and mark this matter as CLOSED.   RLS